UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | CIVIL ACTION NO.: |
| v. | JUDGE |
| ONE FIREARM DESCRIBED AS A<br>KELTEC, CNC INDUSTRIES, INC.,<br>SEMI-AUTOMATIC RIFLE,<br>SUB-2000, SERIAL NO. FFWR37<br>    Defendant *in rem* | MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW, THE UNITED STATES OF AMERICA, by and through the United States Attorney, and brings this Verified Complaint for Civil Forfeiture *in rem*, with the following allegations:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* for the forfeiture of one firearm described as a Keltec, CNC Industries, Inc., Semi-Automatic Rifle, Sub-2000, Serial No. FFWR37 (hereinafter "Defendant *in rem*") that was involved in a violation of 18 U.S.C. § 922(j) and subject to civil forfeiture pursuant to 18 U.S.C. § 924(d).

**THE DEFENDANT *IN REM***

2. The Defendant *in rem* is one firearm described as a Keltec, CNC Industries, Inc., Semi-Automatic Rifle, Sub-2000, Serial No. FFWR37, seized from Cash America, Inc. of Louisiana, d/b/a Cash America Pawn of Shreveport #2, located

1

in Shreveport, Louisiana, located in the Western District of Louisiana, and currently held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## JURISDICTION AND VENUE

3. Plaintiff, the United States of America, brings this *in rem* action in its own right and pursuant to its authority to forfeit the Defendant *in rem*. Pursuant to 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States. Additionally, pursuant to 28 U.S.C. § 1355(a), this Court has jurisdiction over any action or proceeding for forfeiture.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395 because the acts and omissions giving rise to forfeiture occurred in this district and because the Defendant *in rem* was found in this district.

## BASIS FOR FORFEITURE

5. 18 U.S.C. § 922(j) provides that it shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

6. 18 U.S.C. § 924(d) provides that any firearm or ammunition involved in or used in any knowing violation of subsection (j) of section 922 shall be subject to seizure and forfeiture.

## FACTS

7. On October 6, 2020, a Federal Firearms Licensee ("FFL") in the state of Florida reported the Defendant *in rem* stolen from an interstate shipment it was expecting. As such, the Defendant *in rem* was shipped and transported in interstate commerce.

8. On June 6, 2022, the Defendant *in rem* was pawned at Cash America Pawn of Shreveport #2 in Shreveport, Louisiana, by Tania Nichelle Brooks.

9. After Cash America Pawn of Shreveport #2 and ATF discovered the firearm was stolen, ATF seized the Defendant *in rem* on June 28, 2022 from Cash America Pawn of Shreveport #2 in Shreveport, Louisiana.

10. After seizing the Defendant *in rem*, the ATF commenced an administrative forfeiture proceeding and a timely claim was made on August 15, 2022. As such, this matter was referred to the United States Attorney's Office for the commencement of judicial forfeiture proceedings.

11. By reason of the foregoing, the Defendant *in rem* should be forfeited to the United States of America pursuant to 18 U.S.C. § 924(d).

12. The attached Verification by TFO Christopher Voinche, which is incorporated herein by reference, verifies the accuracy of all factual representations contained herein.

## PRAYER

WHEREFORE, Plaintiff, the United States of America, prays:

a. That due process issue to enforce the forfeiture and give notice to the interested parties to appear and show cause why forfeiture should not be decreed;

b. That the Defendant *in rem*, be condemned and forfeited to the United States of America to be disposed of according to law; and

c. That this court grant such other and further relief as it may deem just and proper.

        Respectfully submitted,

        BRANDON B. BROWN
        UNITED STATES ATTORNEY

        BY: *s/ Lauren L. Gardner*
        LAUREN L. GARDNER (LA# 30595)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana 70501
        Telephone: (337) 262-6618
        Facsimile: (337) 262-6682
        Email: lauren.gardner@usdoj.gov